UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

**ORDER**

-against-

03 CR 537-6 (RJD)

TIAFOLOUS SPENCER,

Defendant.
-----------------------------------------------------------X
DEARIE, District Judge.

Defendant Tiafolous Spencer, who pleaded guilty in December 2004 to conspiring to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841 and 846, requests a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (See dkt. #330.) By Order dated May 14, 2008, the Court denied defendant's prior motion for a reduction on the ground that defendant had received the statutory mandatory minimum sentence of 120 months for his offense, a sentence well below the Guideline range of 210 to 262 months that was applicable at the time of sentencing. Accordingly, the Court held defendant ineligible for a sentence reduction under § 3582(c)(2) notwithstanding the fact that the Sentencing Commission had retroactively reduced the base offense levels associated with certain crack cocaine offenses.

Effective November 1, 2011, the Sentencing Commission retroactively reduced the Guideline ranges for crack offenses yet again, this time pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010). The FSA also lessened the ratio between crack and powder cocaine quantities required for the statutory minimum sentences in 21 U.S.C. § 841. Although the Commission made its changes to the Guidelines retroactive, Congress has yet to do the same for the lowered mandatory minimums. Cf. Margiotta v. United States, 788 F. Supp. 145, 148 (E.D.N.Y. 1992) (Glasser, J.) ("Under established principles of

law, it is the penalties under the statutory scheme at the time of the offense itself, rather than at the time of sentencing, which apply.")

Hence, regardless of whether the recent amendments lower the Guideline range applicable to defendant, the Court may not reduce defendant's sentence below the 120-month floor imposed by statute at the time of his offense. See, e.g., USSG § 1B1.10, comment. n.1(A) (stating that a reduction "is not authorized under 18 U.S.C. § 3582(c)(2)" where the relevant "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision," including "a statutory minimum term of imprisonment"); United States v. Williams, 551 F.3d 182, 186 (2d Cir. 2009) (holding that a defendant who pleaded guilty to a crack cocaine offense was "ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based on the statutory mandatory minimum," which "subsume[d] and displace[d] the otherwise applicable guideline range" (internal quotation marks omitted)). Defendant's motion for a sentence reduction pursuant to § 3582(c)(2) is therefore denied.

SO ORDERED.

Dated: Brooklyn, New York
November __, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge